IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NATIONAL LIABILITY & FIRE INSURANCE COMPANY**, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:10-CV-843-L** |
| **ALPHONSE COOPER d/b/a** 1st Load Transportation Services d/b/a 1st Load Transportation Services, LLC, | § § § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff National's Motion for Summary Judgment, filed June 22, 2011. Defendant Alphonse Cooper, d/b/a 1st Load Transportation Services, d/b/a 1st Load Transportation Services, LLC ("Defendant") did not file a response to Plaintiff's motion. After careful consideration of the motion, summary judgment evidence, and applicable law, the court, for the reasons stated herein, **grants** Plaintiff National's Motion for Summary Judgment.

**I.    Factual and Procedural Background**

Plaintiff is the insurer and subrogated underwriter for Pilot Air Freight Services Corporation ("Pilot"). In 2009, Pilot agreed to provide transportation services to the owner of Nintendo Wii game consoles. Pilot in turn contracted with Defendant to transport the shipment of the Wii consoles from Coppell, Texas, to Fort Worth, Texas. A driver for Defendant signed a bill of lading confirming receipt of the shipment on September 3, 2009. Before the Wii consoles reached their intended destination, they were stolen on September 3, 2009, while sitting for a short time in an unattended trailer in Grapevine, Texas. Some, but not all, of the game consoles were recovered by

the police.  Nintendo, the owner of the game consoles, submitted a claim for $573,888 for the unrecovered game consoles, which was paid by Plaintiff.  On April 27, 2010, Plaintiff filed this action against Defendant for breach of contract, bailment, and carrier negligence.  Plaintiff seeks $573,888 in damages for the cost of the 2,562 game consoles not recovered, plus attorney's fees, interest, and costs.  Defendant filed its Answer to Plaintiff's Complaint on August 13, 2010, denying liability for the stolen consoles and asserting as an affirmative defense that it cannot be held liable for Plaintiff's damages that were caused by the intentional acts of third parties who were not under Defendant's control.

On June 22, 2011, Plaintiff moved for summary judgment on the grounds that Defendant's conduct violated Chapter 7 of the Texas Transportation Code governing carriers and intrastate shipments.  In support of its motion, Plaintiff submitted: a business records affidavit; Carrier Selection Check Sheet; e-mail from Defendant confirming shipment pick-up details; bill of lading; a police report; a copy of the claim filed by Nintendo; a commercial invoice; and a subrogation receipt.[*]  According to Plaintiff, resolution of this issue will dispose of all issues and parties in this case.  As previously noted, Defendant did not file a response.

Subsequently, on November 18, 2010, Defendant's counsel filed a motion to withdraw as Defendant's counsel, citing Defendant's failure to respond to any correspondence and its insurance carrier's withdrawal of its defense.  The motion was not opposed by Plaintiff and was granted by

---

[*]Plaintiff submits what purports to be a business record affidavit; however, it is obvious that some, if not all, of the records are not business records of National Liability and Fire Insurance Company.  For example, many of the "business records" are from other business entities other than Plaintiff, and Plaintiff is not in a position to offer testimony as to how records are kept, created, or maintained by other business entities or government agencies.  The court will permit the use of the records in this instance because they appear to be authentic and no objection has been made regarding them.

**Memorandum Opinion and Order – Page 2**

the court on November 22, 2010. The record reflects that Defendant did not thereafter retain substitute counsel, but a copy of Plaintiff's motion was sent to Defendant at: 1104 Sunset Drive, Ennis, Texas 75119, which is the address listed in Plaintiff's Complaint for Defendant's principal place of business and home office, as well as the last and best known address provided by Defendant's counsel in its motion to withdraw.

## II.     Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Defendant filed no response in opposition to Plaintiff's Motion for Summary Judgment. This failure, of course, does not permit a court to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). When no response is filed, such failure does permit the court to accept as undisputed the evidence set forth in support of a movant's motion for summary judgment. *Id*. Accordingly, the court accepts Plaintiff's facts and evidence as undisputed.

### III.    Carrier Liability under the Texas Transportation Code

Plaintiff contends Defendant is liable as an initial or connecting carrier under the Texas Transportation Code. The Transportation Code defines "connecting carrier" as an "initial carrier" or "each other common carrier that receives freight from another common carrier and recognizes

or acts on a contract to transports the freight between points in this state." Tex. Transp. Code Ann. § 7.001(1)(A)-(B) (West 1999). "Initial carrier" is defined as "a common carrier that contracts with a shipper of freight for delivery and initially transports the freight." § 7.001(3). Shipper refers to the owner or consignee of the freight. § 7.001(4). Section 7.002 provides that each connecting carrier that transports freight is "(1) an agent of each other connecting carrier that transports the freight; and (2) considered to be under a contract with each other connecting carrier and the shipper to provide the safe and speedy transportation of the freight from its point of shipment to its destination." *Id.* § 7.002. Any "person who suffers damages because of injury to or loss of freight . . . may recover from the initial carrier or any connecting carrier that transported the freight." *Id.* § 7.006(a).

As explained by the court in *Fletcher L. Yarbrough & Co. v. Texas & New Orleans Ry.* Co., 226 S.W.2d 257 (Tex. Civ. App.– Dallas 1949), *cert. denied*, 340 U.S. 820 (1950), a bill of lading serves a number of functions, including acknowledgment of the receipt of goods and the contract for the goods' transportation:

> A bill of lading evidences title to and possession of goods therein specified; it represents the goods, and when executed and delivered, is constructive delivery of the goods themselves to the carrier issuing the bill of lading. The bill of lading serves the function: (1) as a receipt for the goods; (2) a contract for their carriage; and (3) evidence of title to the goods delivered to it. While a bill of lading is generally understood to be a written acknowledgement [sic] of the receipt of goods and the contract in which is contained the agreement for their carriage and delivery at a specified time to a designated person or his order, one of its most important functions is to give formal expression to the stipulations and conditions under which the carrier seeks to obtain a modification or limitation of the liability that otherwise would be imposed upon it under the common law.

*Id.* at 259 (quoting *Rivera v. Texas & New Orleans R.R. Co.*, 31 So. 2d 180, 182 (La.) (internal quotations and citations omitted), *cert. denied*, 332 U.S. 750 (1947)).

**Memorandum Opinion and Order – Page 5**

The evidence submitted by Plaintiff establishes that Pilot and Defendant had an agreement for Defendant as a carrier to transport undisclosed freight from a UPS facility in Coppell, Texas to a UPS facility in Fort Worth, Texas. According to the Carrier Selection Check List, Defendant provided all special instructions to both of its drivers regarding the shipment. The bill of lading confirms that 28 pallets of freight were turned over to Defendant for shipment from Coppell to Fort Worth but notes that the contents and condition of the freight are unknown. Additionally, the police report reflects that the freight consisted of 28 pallets of Nintendo game consoles and was stolen while in Defendant's custody before it reached its destination. The police report further reflects that some, but not all, of the consoles were recovered by the police. Correspondence and the claim submitted by the owner of the consoles indicate that 2,562 consoles at a cost of $224 each, or a total of $573,888, were never recovered by the police. Plaintiff's subrogation receipt demonstrates that it paid the amount claimed by Nintendo.

Based on this evidence, the court concludes that Defendant qualifies as a connecting carrier under the Texas Transportation Code and is liable for the unrecovered game consoles stolen while in Defendant's custody. Because Defendant did not refute Plaintiff's claims for liability or damages, the court accepts Plaintiff's facts as undisputed. The court therefore determines that there is no genuine dispute of material fact regarding Plaintiff's claims, and Plaintiff is entitled to judgment as a matter of law in the amount of $573,888 for the unrecovered game consoles.

**IV.   Conclusion**

For the reasons discussed herein, the court concludes that no genuine dispute of material fact exists regarding Plaintiff's claims under the Texas Transportation Code, and it is entitled to judgment as a matter of law. Accordingly, the court **grants** Plaintiff National's Motion for Summary

Judgment and **dismisses with prejudice** this action.  The court will enter a judgment in favor of Plaintiff by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Plaintiff also contends that it is entitled to attorney's fees and costs.  The court will consider this issue postjudgment pursuant to Federal Rule of Civil Procedure 54(d).  Any request for attorney's fees must be filed within **14 days** of the date judgment is entered.  **Any response and reply shall be filed in accordance with the Local Civil Rules of the Northern District of Texas.**

Additionally, the court desires briefing regarding the rate of prejudgment interest and when it accrues.  Accordingly, Plaintiff shall file a supplemental brief **not to exceed 5 pages by October 21, 2011.**  Likewise, Defendant may file a brief stating whether Plaintiff is entitled to prejudgment interest and its applicability to this case.  Such brief shall **not exceed 5 pages and must be filed by October 21, 2011.**

**It is so ordered** this 7th day of October, 2011.

Sam A. Lindsay
United States District Judge