**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **NATIONAL LIABILITY & FIRE INSURANCE COMPANY**, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. **3:10-CV-843-L** |
| § | |
| **ALPHONSE COOPER d/b/a** § **1st Load Transportation Services d/b/a** § **1st Load Transportation Services, LLC**, § § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

The court determines by this order the appropriate prejudgment interest rate and the date of accrual for prejudgment interest.

**I.   Background**

In its memorandum opinion and order, dated October 7, 2011, the court requested supplemental briefing on the prejudgment interest rate to be applied. In its Supplemental Brief, Plaintiff claims entitlement to prejudgment interest under Texas law and requests the court to calculate prejudgment interest from October 20, 2009, the date it paid the claim for the stolen game consoles. For the reasons herein explained, the court determines that prejudgment interest should be calculated from the date this action was filed.

**II.   Analysis**

Plaintiff correctly notes that prejudgment interest is calculated under state law in diversity cases such as this one. *Boston Old Colony Ins. Co. Tiner Assocs. Inc*., 288 F.3d 222, 234 (5th Cir. 2002). In Texas, a claim for prejudgment interest may be based upon general principles of equity

**Memorandum Opinion and Order - Page 1**

or an enabling statute. *Cavnar v. Quality Control Parking, Inc*., 696 S.W.2d 549, 552 (Tex. 1985). Under both the common law and the Texas Finance Code, prejudgment interest begins to accrue on the earlier of: (1) 180 days after the date a defendant received written notice of a claim, or (2) the date suit is filed. Tex. Fin. Code Ann. § 304.104 (West 2006). Prejudgment interest is awarded to compensate fully the injured party, not to punish the defendant, and is considered compensation allowed by law as additional damages for lost use of the money due between the accrual of the claim and the date of judgment. *See Johnson & Higgins, Inc. v. Kenneco Energy, Inc*., 962 S.W.2d 507, 528 (Tex. 1998). The prejudgment interest rate for property damage cases is "equal to the postjudgment interest rate applicable at the time of judgment." § 304.103. As the parties' contract (bill of lading) does not include a postjudgment rate, section 304.003 of the Texas Finance Code provides that the postjudgment interest is "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System is less than five percent." § 304.003(c)(2). Accordingly, the prejudgment rate is five percent per annum.

Plaintiff presents no equitable considerations for the court to consider, and it is unclear from the record when Defendant received written notice of Plaintiff's claim. The court therefore determines that prejudgment interest should be calculated from the date this action was filed on April 27, 2010, to the date of the judgment.

With respect to an award of postjudgment interest, federal law applies on "any judgment in a civil case recovered in a district court . . . *including actions based on diversity of citizenship*." *Travelers Ins. Co. v. Liljeberg Enters.*, *Inc*. 7 F.3d 1203, 1209 (5th Cir. 1993) (citation omitted). A court awards postjudgment interest pursuant to 28 U.S.C. § 1961. Accordingly, postjudgment interest shall accrue at the applicable federal rate, which is currently .12 percent per annum.

**Memorandum Opinion and Order - Page 2**

## III.     Conclusion

Accordingly, the court will enter a judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure that includes an award of damages, as well as prejudgment and postjudgment interest as herein set forth.

**It is so ordered** this 28th day of October, 2011.

_____
Sam A. Lindsay
United States District Judge